UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. REVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>A, ENENMOH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01988-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

Plaintiff Andre L. Revis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on December 6, 2012. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 21, 2012. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is
2    entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
3    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4    do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
5    550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally
6    participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
7    Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

8    Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
9    liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
10   higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
11   screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
12   the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
13   556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
14   possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
15   consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
16   U.S. at 678; Moss, 572 F.3d at 969.

## II.
## PLAINTIFF'S COMPLAINT

19   On April 4, 2011, Defendant Clement Alade, M.D. Orthopedic Physician, conducted a
20   telemedicine consultation and review of his health records. This examination contradicted an
21   evaluation conducted by another physician causing Plaintiff to continue to suffer in debilitating pain in
22   his right shoulder.

23   On January 10, 2012, Defendant Chandrasekaran, Orthopedic Surgeon, recommended
24   hemiarthroplasty or total shoulder arthroplasty of the right shoulder. It was also recommended that
25   Plaintiff be referred to a surgeon who performs right should replacement surgery. In the meantime,
26   Defendant Chandrasekaran gave Plaintiff 80 mg of Depo Medrol with 4 ml of 1% Lidocaine injected
27   into the right shoulder.

28

1  On March 27, 2012, Plaintiff was transferred back to Corcoran State Prison where he continued to seek medical treatment. He filed a grievance as recent as October 18, 2011, and also submitted health care request forms.

After filing medical appeals, Defendants A. Enenmoh, J. Wang, J. Moon, E. Clark, A. Mendler, L. Salinas, C. Lai, and Alade, Chandrasekaran, acted with deliberate indifference by causing Plaintiff to continue to suffer in excruciating debilitating pain and deterioration of the shoulders from November 20, 2007 through the date Plaintiff did not receive corrective surgery.

### III.

### DISCUSSION

#### A.     Linkage Requirement

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of respondeat superior, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

#### B.     Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the

need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff may not seek to impose liability on Defendants merely upon a position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim as there is no allegation that any Defendant knew of and disregarded a substantial risk of harm to Plaintiff's health. Medical malpractice is insufficient to rise to level of a constitutional violation, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation.

The fact that Dr. Alade's examination contradicted an examination by another physician does not rise to the level of an Eighth Amendment violation based a mere difference of opinion. Snow v. McDaniel, 681 F.3d at 987; Wilhelm v. Rotman, 680 F.3d at 1122-23. In addition, Plaintiff states that surgery was recommended and prior to that time he was provided medication to treat his shoulder. Plaintiff has simply failed to link any Defendant to allegations demonstrating deliberate indifference to his medical needs. With this standard in mind, Plaintiff will be given leave to file an amended complaint.

///

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 6, 2012, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     **December 16, 2013**

UNITED STATES MAGISTRATE JUDGE