UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. REVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>A, ENENMOH, et al.,<br><br>        Defendants. | Case No.: 1:12-cv-01988-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 15] |

Plaintiff Andre L. Revis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 21, 2012.  Local Rule 302.

Plaintiff initiated the instant action on December 6, 2012.  On December 16, 2013, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim.  Plaintiff filed a first amended complaint on filed January 10, 2014.  On February 3, 2014, the Court dismissed the amended complaint with leave to amend for failure to state a cognizable claim.  Now pending before the Court is Plaintiff's second amended complaint, filed March 3, 2014.

The second amended complaint is a verbatim copy of the first amended complaint, with the exception of additional of exhibits which include the court's prior screening orders.  For the reasons discussed below, the Court finds the claims presented in the second amended complaint suffer from the pleading deficiencies outlined in the Court's February 3, 2014, order.  Because Plaintiff did not

offer new facts in support of his claims, he has failed to correct the pleading deficiencies previously identified by the Court, and the action shall be dismissed for failure to state a cognizable claim for relief.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

**II.**

**PLAINTIFF'S COMPLAINT**

On November 20, 2007, Plaintiff was transferred from High Desert State Prison to California Substance Abuse Treatment Facility ("CSATF") in Corcoran, without a "substantial significant medical health care file indicative of 'all' the documented medical issues." Defendant A. Enenmoh failed to follow-up on review/evaluation of health records which resulted in Plaintiff not receiving a number of critical life altering medications and treatments. Defendant Enenmoh left Plaintiff to suffer in anxiety and duress without providing the medication set forth in his medical file.

On November 24, 2008, Plaintiff was transferred to California State Prison, Corcoran. J. Moon was the prison yard physician. Plaintiff filed a medical grievance against Defendant J. Moon for failing to provide treatment and pain relief for his shoulder and lower back pain. Defendant J. Moon submitted a request for a routine arthroscopy of the right shoulder. Plaintiff received x-rays and an M.R.I.

On April 15, 2009, Defendant J. Wang denied the request for service submitted by Defendant J. Moon. On April 27, 2009, Defendant L. Salinas denied a request for arthroscopy of the right shoulder, and Plaintiff was transferred to another state facility.

On June 2, 2009, Defendant L. Salinas contacted Plaintiff and advised him to seek further medical treatment with the prison yard physician at California State Prison in Calipatria.

On May 15, 2009, Plaintiff was examined by A. Mendler and an arthroscopy was ordered and approved on May 18, 2009.

On June 3, 2009, Defendant C. Lai fabricated that an arthroscopic debridement surgery of right shoulder was performed. Plaintiff contends this procedure was never performed.

On June 18, 2009, Plaintiff was transferred back to Corcoran State Prison without knowledge of the prior fraudulent activity. Upon his arrival, Plaintiff immediately submitted a medical request form to J. Moon for treatment.

On January 14, 2010, the Chief Medical Officer Clark responded inadequately to Plaintiff's medical appeal without investigation and failed to disclose that the arthroscopic debridement procedure never took place.

On April 4, 2011, Defendant Alade conducted telemedicine consultation which resulted in a misdiagnosis of the review and procedures provided.

Several months later, Plaintiff was scheduled for a consultation with an orthopedic surgeon. On January 10, 2012, it was ordered that Plaintiff was in need of a hemiarthroplasty and/or total shoulder arthroplasty of the right shoulder. In the meantime, Plaintiff was provided with pain medication and a lidocaine injection.

On March 27, 2012, Plaintiff was transferred back to CSATF where he had to request medical treatment all over again. He continued to file appeals and grievances and continued to be in debilitating pain.

Plaintiff contends Defendants A. Enenmoh, J. Wang. J. Moon, E. Clark, A. Mendler, L. Salina, C. Lai, and Alade were in a position to provide medical treatment but refused to do so. Plaintiff contends the action of Defendants were deliberately indifferent to his serious medical needs.

### III.

### DISCUSSION

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

### 1. Defendant Enenmoh

Plaintiff contends that upon his transfer to CSATF, Defendant Enenmoh reviewed his medical file and failed to provide follow-up treatment and plans that were already in place, causing Plaintiff to suffer severe excruciating pain and discomfort.

Plaintiff attaches a copy of a Physical Request for Services as Exhibit 1, to his second amended complaint. In July 2008, Defendant Enenmoh requested a routine "ortho evaluation" for bilateral shoulder pain with arthritic changes.[1] The request was approved on July 28, 2008, and findings were made in October 2008.

Plaintiff's exhibit contradicts his claim that Defendant Enenmoh did anything other than exam Plaintiff and order follow-up treatment. Although Plaintiff contends that Defendant Enenmoh failed to provide follow-up treatment, there is no factual support for such contention and there is no allegation to support the finding that Enenmoh acted with deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim.

//

//

---

[1] In determining whether a complaint states a cognizable claim for relief, the Court may consider materials attached as exhibits to the complaint and incorporated therein. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); City of Fresno v. U.S., 709 F. Supp. 2d 888, 912 n.21 (E.D. Cal. 2010); see also Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987) (court may disregard factual allegations in complaint that are contradicted by facts established by reference to attached exhibits).

2.      <u>Defendant J. Moon, J. Wang, L. Salinas</u>

Plaintiff contends that when he was transferred to Corcoran State Prison, he filed a grievance against Defendant J. Moon for failing to provide treatment. Defendant J. Moon submitted a request for routine arthroscopy of the right shoulder. Defendant J. Wang denied the request by J. Moon.

On April 27, 2009, Defendant L. Salinas also denied a request for arthroscopy of the right shoulder and advised Plaintiff to seek further medical treatment after his transfer to California State Prison in Calipatria.

Plaintiff's claims seem to be based on the fact that he was required to begin treatment anew upon his transfer to difference prisons. Although Plaintiff's may disagree with the prison medical process, his disagreement does not rise to the level of a constitutional violation. Plaintiff's allegations fail to support a finding that Defendants Moon, Wang, or Salinas acted with deliberate indifference. Indeed, Plaintiff's complaints involve nothing more than a disagreement with the treatment, which is insufficient to support a constitutional violation. "A difference of opinion between a physician and the prisoner-or between medical professionals-concerning what medical care is appropriate does not amount to deliberate indifference." <u>Snow v. McDaniel</u>, 681 F.3d 978, 987 (9th Cir. 2012) (citing <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122-1123 (9th Cir. 2012) (citing <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986)).

Plaintiff's allegations demonstrate that Defendant J. Moon examined Plaintiff and requested further treatment. Defendants Wang and Salinas denied the requests for medical treatment, however, Plaintiff fails to allege any facts to support that these Defendants acted in conscious disregard of an excessive risk to Plaintiff's health. Again, a mere disagreement with a physician's opinion does not rise to a constitutional violation. <u>Snow v. McDaniel</u>, 681 F.3d at 987. Accordingly, Plaintiff fails to state a cognizable claim.

3.      <u>Defendant A. Mendler</u>

Plaintiff contends that on May 15, 2009, he was examined by A. Mendler who ordered and approved on May 18, 2009.

Based on Plaintiff's own allegations, there is no basis to find that Defendant A. Mendler acted with deliberate indifference to Plaintiff's medical needs. Plaintiff admits that Defendant A. Mendler

6

examined him and ordered treatment, and Exhibit 6, supports such contention. Accordingly, Plaintiff fails to state a cognizable claim.

### 4. Defendants Lai and Clark

Plaintiff contends that on June 18, 2009, Defendant C. Lai fabricated that an arthroscopic debridement surgery of the right shoulder was performed. Plaintiff also contends that on January 14, 2010, Chief Medical Officer Clark responded inadequately to his medical appeal without investigation and failed to disclose that the arthroscopic debridement procedure never took place.

Exhibit 4, attached to the second amended complaint, states that on June 3, 2009, Plaintiff underwent arthroscopic debridement of the right shoulder by C. Lai, and on June 18, 2009, he was transferred back to California State Prison, Corcoran. Although Plaintiff contends that Defendant Lai "fabricated" this procedure, Plaintiff fails to provide specific facts to support his allegation, and there is no basis to find that Defendant Lai acted with deliberate indifference. Moreover, Plaintiff fails to provide any factual support for his claim that Defendant Clark responded inadequately in failing to discover such alleged "fabrication." Accordingly, Plaintiff fails to state a cognizable claim against Defendants Lai and Clark.

### 5. Defendant Alade

Plaintiff contends that on April 4, 2011, Defendant Alade conducted a telemedicine consultation which resulted in misdiagnosis. Exhibit 8, contradicts Plaintiff's claim. Plaintiff was examined by Dr. Alade on April 4, 2011, it was noted that complication following previous surgery of pulmonary embolism is reported. The physical examination revealed no gross atrophy. "He clinically has active flexion of the right shoulder to about 140 degrees, abduction to less, 60 degrees, unable to appropriately assess internal and external rotation. Crepitation reported over the supraspinatus and the glenphumeral joint region."

As previous stated herein, Plaintiff's mere disagreement with Dr. Alade's findings after the physical examination is not sufficient to rise to the level of a constitutional violation. Snow v. McDaniel, 681 F.3d at 987. Furthermore, even if Defendant Alade erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

7

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's second amended complaint fails to state a claim upon which relief may be granted. In light of the fact that the Court previously notified Plaintiff of the deficiencies and he has been unable to cure the deficiencies, further amendment is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

Accordingly,

IT IS HEREBY ORDERED that

1. The instant action is dismissed, with prejudice, for failure to state a cognizable claim for relief;
2. The Clerk of Court shall enter judgment against Plaintiff; and
3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **April 30, 2014**

UNITED STATES MAGISTRATE JUDGE